UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHY SCOTT,<br>*Petitioner*,<br>v.<br>UNITED STATES OF AMERICA,<br>*Respondent*. | No. 22-CV-149 (KMK) |
| UNITED STATES OF AMERICA<br>v.<br>KATHY SCOTT,<br>*Defendant*. | No. 16-CR-626 (KMK)<br><br><u>ORDER</u> |

KENNETH M. KARAS, United States District Judge:

Kathy Scott ("Petitioner" or "Scott") has filed a Petition for a Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her judgment of conviction, entered on September 14, 2018.

Scott contends that she was denied effective assistance of counsel because Martin Geduldig ("Geduldig") and Clara Kalhous ("Kalhous"), her trial counsel, failed to advise her of a proposed plea agreement offered by the Government, incorrectly advised her of her potential sentencing exposure if she proceeded to trial and was convicted, and failed to properly explain the evidence against her and that those errors prejudiced her by influencing her to proceed to trial rather than accepting the Government's proposed plea offer. (Dkt. No. 185 at 3.) In a

declaration submitted with her motion, Scott claims that a plea offer was made by the Government in October 2016, that included a Sentencing Guidelines offense level of 23 and a sentencing range of 46 to 57 months' imprisonment, (Dkt. No. 185-1 at 1), and that she "would have been amenable to the proposed plea offer," (Dkt. 185-1 at 2). She also states that she first learned of this plea offer in July 2021 after her current counsel received an email from Kalhous stating that the Government made a plea offer that would have proposed a total offense level of 23 and a guidelines range of 46 to 57 months' imprisonment. (*Id.* at 1.)

The Government has opposed Scott's Petition, claiming, among other things, that the Government never made a plea offer to Scott. However, the Government's support for this claim lacks any information directly from Geduldig or Kalhous. To fill this potential gap in the record, Mr. Geduldig and Ms. Kalhous are to provide affidavits that detail any plea bargaining discussions they had with Government counsel, including what, if any, plea offers the Government made to Scott through them.[1] These affidavits are also to address the extent to which they advised Scott of any plea offers the Government made to Scott through Geduldig and/or Kalhous. Also, Ms. Kalhous is to provide any emails she sent to current counsel for Scott about any plea offers the Government made to Scott before the trial of this case. These affidavits

---

[1] By claiming that Geduldig and Kalhous were constitutionally ineffective for failing to inform her of any formal plea offers from the Government and providing ineffective advice prior to trial, Scott has waived the attorney-client privilege. *See Chambers v. Lilly,* 735 F. Supp. 3d 196, 233 n.13 (E.D.N.Y. 2024) ("[I]t is well established that raising a claim of ineffective assistance of counsel broadly waives attorney-client privilege . . . ."); *Aladano v. United States*, No. 09-CV-926, 2011 WL 6131175, at *2 (E.D.N.Y. Dec. 8, 2011) ("Aladano will not be permitted to offer a claim that his counsel ignored his requests to file an appeal, while simultaneously invoking privilege to prevent his counsel from contradicting Aladano's version of relevant events."); *accord Sparman v. Edwards,* 154 F.3d 51, 52 (2d Cir. 1998) (noting that "a district court facing the question of constitutional ineffectiveness of counsel should, except in highly unusual circumstances, offer the assertedly ineffective attorney an opportunity to be heard and to present evidence, in the form of live testimony, affidavits, or briefs.").

are to be filed by December 15, 2026. The Government is to provide a copy of this Order to Mr. Geduldig and Ms. Kalhous.

SO ORDERED.

Dated: November 24, 2026
White Plains, New York

KENNETH M. KARAS
United States District Judge